IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DOCKET

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL AHLERS,<br><br>　　　　Defendant. | Case No. 2:21-CR-20001-DDC-JPO |

## INFORMATION

The United States Attorney Charges:

### Counts 1 through 10
Bank Fraud
(18 U.S.C. § 1344)

1. Beginning at a date unknown, but by at least in or about January 2009, and continuing through in or about August 2015, in the District of Kansas, the defendant,

**MICHAEL AHLERS,**

knowingly and intentionally devised a scheme and artifice to defraud the University of Kansas Medical Center (KUMC), and to obtain money, funds, and credits owned by and under the custody and control of KUMC, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts.

## Parties, Relevant Persons, Entities

At times relevant to this information:

2. KUMC was an academic and research medical center. KUMC provides inpatient and outpatient care through the University of Kansas Hospital (inpatient care) and separate clinical practices (outpatient care) that are affiliated with the University of Kansas.

3. The Occupational Therapy (OT) Education Department was an academic department within the School of Health Professions located at the KUMC campus in Kansas City, Kansas. The OT Education Department offered three graduate programs in occupational therapy and partnered with external organizations to provide occupational therapy services.

4. KUMC Credit Union was a not-for-profit, financial cooperative owned by its members and chartered by the State of Kansas. The KUMC Credit Union was a financial institution as that term is defined at Title 18, United States Code, Section 20, whose deposits were insured by the National Credit Union Administration.

5. From April 2004 through in or about August 2015, AHLERS was the Administrative Officer in the OT Education Department at KUMC.

## Manner and Means

6. As the Administrative Officer, AHLERS was responsible for all administrative tasks and financial transactions for the OT Education Department, including budget management, purchasing, billing of external entities, and grant management.

7. The object of the scheme to defraud was for AHLERS to use his position as Administrative Officer to steal money from KUMC through unauthorized disbursements to himself.

8. As part of the scheme, AHLERS, without KUMC's knowledge or consent, utilized a bank account at KUMC Credit Union (account number ending in 375), located in Kansas City, Kansas.  The KUMC Credit Union account was opened in the name of the OT Education Department, but as of at least June 2007, AHLERS was the only current KUMC employee who was a signatory on the account.  In or about November 2012, AHLERS made himself the sole signatory on the account.

9. By utilizing the KUMC Credit Union account without KUMC's knowledge or consent, AHLERS bypassed oversight and the normal process by which funds are deposited into a State-controlled bank account, revenue recorded in the university financial system, and funds allocated to department accounts that are reconciled on a monthly basis.

10. As part of the scheme to defraud, AHLERS caused funds intended for use by the OT Education Department to be deposited into the unauthorized KUMC Credit Union account and then withdrew money from the account and diverted it for his personal gain.  AHLERS withdrew money through cash withdrawals and cashier's checks made payable to himself, members of his family, and M&M Group, LLC, a business entity controlled by AHLERS and M.A.

11. To conceal his conduct, AHLERS generated invoices outside of KUMC's established financial systems so that only he had visibility of funds that

he caused to be deposited into the KUMC Credit Union account and then diverted for his personal gain.

12. To further conceal his conduct, AHLERS failed to report the embezzled funds as income on his tax returns for the years 2009 through 2015.

13. To further conceal his conduct, on his last day working in the OT Education Department, AHLERS withdrew all of the funds and closed the KUMC Credit Union account.

14. Between 2009 and 2015, AHLERS stole more than $500,000 via the fraudulent scheme described above.

## Execution of the Scheme

15. On or about the dates set forth in the separate counts below, in the District of Kansas, the defendant,

## MICHAEL AHLERS,

knowingly and intentionally executed and attempted to execute the aforementioned scheme and artifice to defraud KUMC Credit Union and to obtain certain moneys, funds, credits, assets, securities, and other property owned and under the custody and control of KUMC Credit Union, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, that is, AHLERS caused funds be drawn on the KUMC Credit Union account and diverted the funds for his personal gain as described below:

4

| Count | Date | Means of Withdrawal | Amount |
|---|---|---|---|
| 1 | 12/9/2010 | Cashier's check payable to M&M Group, LLC | $1,875.36 |
| 2 | 2/16/2011 | Cashier's check payable to J.A. | $1,800 |
| 3 | 2/20/2012 | Cashier's check payable to S.O. | $2,500 |
| 4 | 5/25/2012 | Cash withdrawal | $800 |
| 5 | 7/25/2012 | Cashier's check payable to M&M Group, LLC | $4,255 |
| 6 | 8/2/2013 | Cashier's check payable to Michael Ahlers | $2,056.33 |
| 7 | 1/16/2014 | Cashier's check payable to M&M Group, LLC | $4,750 |
| 8 | 9/15/2014 | Cash withdrawal | $800 |
| 9 | 2/12/2015 | Cashier's check payable to Michael Ahlers | $1,955.33 |
| 10 | 3/24/2015 | Cashier's check payable to M&M Group, LLC | $4,103.33 |

All in violation of Title 18, United States Code, Section 1344.

## Counts 11 through 13
Making and Subscribing to False Federal Income Tax Returns
(26 U.S.C. § 7206(1))

16. Paragraphs 1 through 15 are incorporated here.

17. On or about the dates set forth in the separate counts below, in the District of Kansas, the defendant,

**MICHAEL AHLERS**,

a resident of Lenexa, Kansas, willfully made and subscribed United States Individual Income Tax Returns, Forms 1040, for the calendar years listed below, each of which was verified by a written declaration that it was made under the penalty of perjury, which AHLERS did not believe to be true and correct as to every material matter. Those returns, each of which was prepared and signed in the District of Kansas and was filed with the Internal Revenue Service, reported total income for tax years as set forth below, whereas, as AHLERS then and there well knew and believed, his taxable income was substantially greater because he failed to report embezzled funds in the following amounts:

| Count | Filing Date/Calendar Year | Unreported Additional Income |
|---|---|---|
| 11 | October 6, 2014/2013 | Approximately $120,118 in funds embezzled from KUMC for his personal gain |
| 12 | October 15, 2015/2014 | Approximately $71,265 in funds embezzled from KUMC for his personal gain |
| 13 | October 16, 2016/2015 | Approximately $20,646 in funds embezzled from KUMC for his personal gain |

All in violation of Title 26, United States Code, Section 7206(1).

## Forfeiture Notice

18. Paragraphs 1-17 are incorporated for purposes of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

19. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts 1-10 of this Information, the defendant,

**MICHAEL AHLERS**,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

    A. A forfeiture money judgment in an amount equal to the amount of proceeds that the defendant obtained from the commission of Counts 1-10.

20. If any of the property described above, as a result of any act or omission of the defendant:

6

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated: January 12, 2021

*/s/ Ryan J. Huschka*
RYAN J. HUSCHKA
Assistant United States Attorney

Robert J. Dole Courthouse
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Phone: 913-551-6730
Fax: 913-551-6541
Ryan.Huschka@usdoj.gov
Kansas Sup. Ct. No. 23840

(It is requested that trial of the above-captioned case be held in Kansas City, Kansas.)

## PENALTIES:

### Counts 1-10: Bank Fraud, 18 U.S.C. § 1344

- A term of imprisonment not to exceed thirty (30) years.
- A fine not to exceed $1,000,000.
- A term of supervised release not to exceed five (5) years.
- A mandatory special assessment of $100.
- Forfeiture allegation.

### Counts 11-13: Making and Subscribing to False Federal Income Tax Return, 26 U.S.C. § 7206(1)

- A term of imprisonment not to exceed three (3) years.
- A fine not to exceed $250,000.
- A term of supervised release not to exceed one (1) year.
- A mandatory special assessment of $100.